IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JERJUAN D. LAWRENCE,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) Case No. CIV-25-271-RAW |
| **OKMULGEE COUNTY DISTRICT COURT, et al.,** | ) ) ) ) ) ) |
| **Defendants.** | ) |

## ORDER

Before the court is the complaint, amended complaint, and motion for temporary restraining order of the plaintiff, appearing *pro se*. He has also filed a motion to proceed *in forma pauperis*. Pursuant to 28 U.S.C. §1915(a)(1), the latter motion is granted. The court now turns to the substance of the amended complaint and request for TRO.

The court incorporates by reference *Bolin v. Oklahoma,* 23-CIV-76-RAW, 2023 WL 3451205 (E.D.Okla. April 12, 2023) setting forth the applicable standard for dismissal of a *pro se* complaint. Plaintiff seeks to enjoin a judge in Okmulgee County and various other individuals. He contends that the judge is without jurisdiction to enter orders in his divorce proceeding because (after being awarded full custody) plaintiff and the children moved to California.

Plaintiff has helpfully provided the case number of the state action (FD-2020-116) and this court has reviewed the docket sheet and several of the pleadings in that matter.  By order filed in the state action on April 4, 2025, the Supreme Court of Oklahoma denied this plaintiff's petition for writ of certiorari and petition for recusal and writ of mandamus and application to assume original jurisdiction, indicating that the Court rejected plaintiff's jurisdictional argument.  By order entered in the state action on July 9, 2025, the district judge memorialized her rulings after a hearing on motions filed by this plaintiff.  The order notes that plaintiff did not appear at the hearing.

The July 9 order also states that, contrary to the pleadings before this court, plaintiff's children and their mother reside in Tarrant County, Texas, while plaintiff appears to reside in California.[*]  Based on these factual findings, the judge concluded the Oklahoma state court no longer had jurisdiction pursuant to 43 O.S. §551-202(A)(1).  Rather, the court said, exclusive jurisdiction resided with Tarrant County.  The order gave

---

[*]On the other hand, an order entered May 19, 2025, states that "by his own testimony, [Plaintiff] is now and has been a resident of Okmulgee County Oklahoma for approximately one (1) year at the commencement of the hearing [in November, 2023]."  In a minute sheet entered November, 2023, the state judge found that "when placed under oath, [plaintiff] testified he has lived in Oklahoma since Nov. 2022, in contradiction to his unsworn statements to this court previously."  In the amended complaint in the case before this court, plaintiff avers: "In 2021, Plaintiff and the children relocated to California, where they have continuously resided to the present"  (#8 at 4), a statement which appears to be incorrect.

the mother until August 20, 2025 to file an action in Tarrant County seeking relief against Petitioner, at which time the Oklahoma action would be dismissed. That date has now passed, but the Oklahoma action has not yet been dismissed.

It is the plaintiff's burden to establish subject matter jurisdiction. *Velayo v. Fox,* 826 Fed.Appx. 709, 710 (10th Cir.2020). Federal courts generally abstain from hearing matters involving domestic relations, i.e., divorce, child custody, alimony, and child support. *See Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992). "[A] federal court cannot reopen, reissue, correct, or modify an order in a domestic relations case." *Alfaro v. Arapahoe County,* 766 Fed.Appx. 657, 659 (10th Cir.2017). *See also Morrow v. Winslow,* 94 F.3d 1386 (10th Cir.1996); *Morkel v. Davis,* 513 Fed.Appx. 724 (10th Cir.2013); *Byrd v. Pirrong,* 2025 WL 1932980 (W.D.Okla.2025).

It is the order of the court that plaintiff's complaint and amended complaint fails in the burden to establish subject matter jurisdiction. The matter is therefore dismissed without prejudice pursuant to Rule 12(h)(3) F.R.Cv.P. In the alternative, this court abstains under the domestic relations exception. Plaintiff's motion to proceed *in forma pauperis* (#2) is granted. Plaintiff's motion for temporary restraining order (#6) is deemed moot.

**ORDERED THIS 27th DAY OF AUGUST, 2025.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**